UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GRANGE INSURANCE,

    Plaintiff,

v.                                                            CASE NO. 3:13-cv-977-J-34MCR

WALTON TRANSPORT *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion for Entry of Clerk's Default ("Motion for Default") (Doc. 14) and Plaintiff's Second Motion for Entry of Default Judgment ("Motion for Default Judgment") (Doc. 12) (collectively, "Motions"). For the reasons stated herein, the Motion for Default is **DENIED** and the Motion for Default Judgment is **MOOT**.

In the Motion for Default, Plaintiff requests entry of a Clerk's default against Defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Doc. 14.) In support, Plaintiff relies on the record in this case and the Affidavit of its attorney Brendan Keeley, which provides in relevant part:

> 3.    Defendants were served with a copy of the summons and complaint via service by publication, as reflected on the docket sheet by the proof of service filed on May 5, 2014.
> 4.    An answer to the complaint was due on January 7, 2014.
> 5.    Defendants have failed to appear, plead or otherwise defend within the time allowed and, therefore, are now in default.

(Doc. 14-1 at 1.) Assuming a default is entered, Plaintiff further asks the Court to

enter a default judgment against Defendants pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.  (Doc. 12.)

However, Plaintiff's Motions and supporting documents do not adequately demonstrate that Defendants—either individual or corporate—have been properly served with process in this case.  Rule 4(h) of the Federal Rules of Civil Procedure, which governs the procedure for serving a corporation, partnership, or association, provides in relevant part:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
> (1) in a judicial district of the United States:
>     (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>     (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . . .

Fed. R. Civ. P. 4(h).  Pursuant to Rule 4(e) of the Federal Rules of Civil Procedure:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.

Fed. R. Civ. P. 4(e)(1).

Chapter 49 of the Florida Statutes sets forth the requirements for service of

process by publication under Florida law.  Section 49.021 provides that "service of process by publication may be had upon any party, natural or corporate, known or unknown" when personal service of process cannot be had.  Fla. Stat. § 49.021.  Section 49.011 of the Florida Statutes lists the actions or proceedings in which "[s]ervice of process by publication may be made in any court on any party identified in [Section] 49.021."  Fla. Stat. § 49.011.  Although Plaintiff does not specify under which subsection of Section 49.011 it attempts to proceed, it appears that Section 49.011(5), which allows for service of process by publication in any action or proceeding "[f]or the construction of any will, deed, contract, or other written instrument and for a judicial declaration or enforcement of any legal or equitable right, title, claim, lien, or interest thereunder," would apply in this case.

Assuming this case falls under Section 49.011(5), Plaintiff must still comply with Sections 49.041 and 49.051 of the Florida Statutes.  Section 49.041 provides:

> The sworn statement of the plaintiff, his or her agent or attorney, for service of process by publication against a natural person, shall show:
> (1) That diligent search and inquiry have been made to discover the true name and residence of such person, and that the same is set forth in said sworn statement as particularly as is known to the affiant; and
> (2) Whether such person is over or under the age of 18 years, if his or her age is known, or that the person's age is unknown; and
> (3) In addition to the above, that the residence of such person is, either:

3

> (a) Unknown to the affiant; or
> (b) In some state or country other than this state, stating said residence if known; or
> (c) In the state, but that he or she . . . conceal himself or herself so that process cannot be personally served, and that affiant believes that there is no person in the state upon whom service of process would bind said absent or concealed defendant.

Fla. Stat. § 49.041.  Section 49.051 provides:

> The sworn statement of the plaintiff, his or her agent or attorney, for service of process by publication against a corporation, shall show:
> (1) That diligent search and inquiry have been made to discover the true name, domicile, principal place of business, and status (that is, whether foreign, domestic, or dissolved) of the corporate defendant, and that the same is set forth in said sworn statement as particularly as is known to the affiant, and that *diligent search and inquiry* have also been made, to discover the names and whereabouts of *all persons*[1] upon whom the service of process would bind the said corporation and that the same is specified as particularly as is known to the affiant; and
> (2) Whether or not the corporation has ever qualified to do business in this state, unless shown to be a Florida corporation; and
> (3) That all officers, directors, general managers, cashiers, resident agents, and business agents of the corporation, either:
> > (a) Are absent from the state; or
> > (b) Cannot be found within the state; or
> > (c) Conceal themselves so that process cannot be served
> upon them so as to bind the said corporation; or
> > (d) That their whereabouts are unknown to the affiant; or
> > (e) That said officers, directors, general managers, cashiers, resident agents, and business agents of the corporation are unknown to affiant.

Fla. Stat. § 49.051 (emphasis added).

---

[1] Under Section 48.081(3)(a), "if service cannot be made on a registered agent because of failure to comply with s. 48.091 [requiring, *inter alia*, that a registered office be open on certain days and at certain times], service of process shall be permitted on *any employee* at the corporation's principal place of business or on *any employee* of the registered agent."  Fla. Stat. § 48.081(3)(a) (emphasis added).

Plaintiff has not complied with the requirements of Sections 49.041 and 49.051 because it has not submitted a sworn statement detailing all the information required by these statutes. The Motions and the supporting documents do not adequately show that "diligent search and inquiry have been made" to discover the whereabouts of all persons upon whom service can be made. Fla. Stat. §§ 49.041, 49.051. *See also Miller v. Partin*, 31 So.3d 224, 228 (Fla. Dist. Ct. App. 2010) ("When a plaintiff seeks service of process by publication, due process demands that an honest and conscientious effort, reasonably appropriate to the circumstances, be made to acquire the information necessary to fully comply with the controlling statutes. While certainly exceptions might exist, ordinarily this effort would involve more than simply one failed attempt at service, and would include talking to neighbors or trying to contact the person to be served by phone or mail.").

The Returns of Service by the process server Gave Tranum indicate that he was unable to locate Defendants Walton Transport and Eloise Walton for the following reasons:

> Address given is a gated community. The only way to enter is to tailgate. There have been numerous attempts and unable to locate anyone within. Received a possible new address of: 6849 Valley Von Way, Arlington, TN. Per tenant, the defendant is unknown. Received a possible 3rd address of: 9251 Three Iron Dr., # 102, Lakeland, TN 38002. Tenant identified self as Timothy Johnson, stated the defendant is unknown. No other information or possible address could be located.

(Doc. 12-1 at 2; Doc. 12-2 at 2.)  With respect to Defendant Bennie Williams, the Return of Service provides Defendant was not at the address, and: "Address given is a gated community.  The only way to gain entrance is to tailgate in.  There have been numerous attempts and unable to locate anyone within.  There is a garage, but cannot see inside to verify if there are any vehicles." (Doc. 12-3 at 2.)

Based on this information, it is unclear what, if any, additional attempts have been made to locate any of the Defendants.  For example, Plaintiff does not indicate whether it has engaged the services of an investigator or performed any computer searches to locate Defendants.[2]  Further, assuming that service cannot be effected on the registered agent of the corporate Defendant, Plaintiff has not shown why it cannot serve some other employee of the corporation or of the registered agent.  Moreover, the Returns of Service indicate that service of process as to all Defendants was attempted at the same address (6877 Lagrange Grove, Cordova, TN 38018), even though the Certificate of Service attached to the Motion for Default indicates that the last known address for Defendant Williams is different (6839 W. Virginia Ave., Jacksonville, FL 32209).  (*See* Doc. 14-2 at 1.)  Thus, it does not appear that any attempts for service on Defendant

---

[2] Plaintiff has provided the Affidavit of a private investigator in support of its Motion for Default Judgment; however, it appears this Affidavit was made only in an attempt to demonstrate compliance with the Servicemembers Civil Relief Act, 50 U.S.C. App'x § 501 *et seq*.  (*See* Doc. 12-5.)

Williams have been made at his last known address.

The statutes governing service of process "are strictly construed." *Estela v. Cavalcanti*, 76 So.3d 1054, 1055 (Fla. Dist. Ct. App. 2011). *See also Bedford Computer Corp. v. Graphic Press, Inc.*, 484 So.2d 1225, 1227 (Fla. 1986) (per curiam); *Sunblest Prods., Inc. v. Vroom Enters., Inc.*, 508 So.2d 770, 771 (Fla. Dist. Ct. App. 1987) ("The constructive service statute is strictly construed against the party who seeks to obtain service of process under it."). Because Plaintiff has not adequately shown compliance with the relevant provisions cited above, the Motion for Default is due to be denied.[3] However, Plaintiff will be given an additional, likely final, opportunity to properly serve Defendants within 45 days from the date of this Order. Alternatively, by the same deadline, Plaintiff shall show cause in writing why this case should not be recommended for dismissal without prejudice for its failure to effect service of process on Defendants within 120 days of the filing of the Complaint. *See* Fed.R.Civ.P. 4(m).

Accordingly, it is **ORDERED**:

1. The Motion for Default (**Doc. 14**) is **DENIED**.

2. The Motion for Default Judgment (**Doc. 12**) is **MOOT**.

3. **On or before June 27, 2014**, Plaintiff shall effect service of process on Defendants, or **SHOW CAUSE** in writing why this case should not be

---

[3] In light of this ruling, the Motion for Default Judgment is moot.

recommended for dismissal without prejudice for Plaintiff's failure to serve Defendants within 120 days of the filing of the Complaint. Failure to comply with this Order may result in a recommendation to the District Judge that the case be dismissed for failure to comply with Fed.R.Civ.P. 4(m) and lack of prosecution pursuant to Local Rule 3.10(a).

**DONE AND ORDERED** at Jacksonville, Florida, on May 13, 2014.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

Walton Transport
6877 Lagrange Grove Drive
Cordova, TN 38018

Eloise Walton
6877 Lagrange Grove Drive
Cordova, TN 38018

Bennie Williams
6839 W. Virginia Ave.
Jacksonville, FL 32209