UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GRANGE INSURANCE,

    Plaintiff,

v.                                                                  CASE NO. 3:13-cv-977-J-34MCR

WALTON TRANSPORT *et al.*,

    Defendants.
_____/

**ORDER**

**THIS CAUSE** is before the Court on Plaintiff's Motions for Default Judgment ("Motions") (Docs. 43, 44, 45). Because Plaintiff has not adequately alleged subject matter jurisdiction over this action, the Motions are due to be **DENIED without prejudice** to filing and serving an amended complaint and amended motion(s), if applicable, in compliance with this Order.

**I.    Background**

On August 12, 2013, Plaintiff Grange Insurance filed its Complaint for Declaratory Relief ("Complaint") against Defendants Walton Transport, Eloise Walton, and Bennie Williams. (Doc. 1.) Plaintiff made several attempts to perfect service of process on Defendants. On November 24, 2014, the Court directed the Clerk to enter a default against Walton Transport for its failure to obtain counsel pursuant to the Court's September 4, 2014 and October 13, 2014 Orders. (Doc. 37.) A default was entered against Walton Transport on

November 25, 2014. (Doc. 38.) On December 5, 2014, a default was also entered against Eloise Walton and Bennie Williams, on Plaintiff's motions. (Docs. 41, 42.)

On December 9, 2014, Plaintiff filed the present Motions seeking a default judgment against each of the three Defendants. (Docs. 43, 44, 45.) On January 13, 2015, the Court entered an Order taking the Motions under advisement and directing Plaintiff to serve Defendants with the Motions and the Order, and file a notice of compliance. (Doc. 46.) On January 16, 2015, Plaintiff filed Notices of Compliance with the Court's January 13, 2015 Order. (Docs. 47, 48, 49.) Pursuant to the January 13, 2015 Order, Defendants had fourteen (14) days from the date of service to respond to the Motions. To date, Defendants have not responded to the Motions; therefore, the Motions will be treated as unopposed.

**II.   Standard**

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend the lawsuit, the clerk of court is authorized to enter a clerk's default against the defendant. See Fed.R.Civ.P. 55(a). Second, after receiving the clerk's default, the plaintiff must apply to the court for a default judgment, except in limited circumstances when application may be made to the clerk. See Fed.R.Civ.P. 55(b).

All well-pleaded allegations of fact are deemed admitted upon entry of a

default, but before entering a default judgment, the court must ensure that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted.  *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs, Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002).

"[T]he party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction."  *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (per curiam).

> Subject matter jurisdiction in a federal court may be based upon federal question jurisdiction or diversity jurisdiction.  28 U.S.C. §§ 1331, 1332.  Diversity jurisdiction exists where the plaintiffs and defendants are citizens of different states, and the amount in controversy exceeds $75,000. . . .  Absent diversity of citizenship, a plaintiff must present a substantial federal question in order to invoke the district court's jurisdiction.

*Walker v. Sun Trust Bank of Thomasville, GA*, 363 F. App'x 11, 15 (11th Cir. Jan. 19, 2010) (per curiam) (internal quotation marks omitted).

## III. Discussion

The Complaint alleges diversity jurisdiction pursuant to 28 U.S.C. § 1332, which provides in relevant part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
> (1) citizens of different States[.]

3

28 U.S.C. § 1332. "This statute and its predecessors have consistently been held to require complete diversity of citizenship. That is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

Specifically, the Complaint alleges:

1. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 and 2202 for the purpose of determining an actual controversy between the parties.

2. This Court has jurisdiction to hear this controversy, as this is an action to determine liability coverage between parties of diverse citizenship under 28 USC § 1332 for an amount greater than $75,000 exclusive of interest and costs.

3. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2) since the events giving rise to the claims set forth below occurred in this judicial district.

4. This action arises from a commercial auto insurance policy issued by GRANGE, Policy No.: XA 2680560, effective May 17, 2012, through May 17, 2013.

5. At all times material hereto, GRANGE is an active Ohio corporation, in the business of selling insurance, authorized and doing business in the State of Tennessee.

6. At all times material hereto, WALTON TRANSPORT is an active Tennessee corporation and a trucking company, authorized and doing business in the State of Florida, including Duval County.

7. At all times material hereto, ELOISE WALTON is an individual living in the State of Tennessee doing business as WALTON TRANSPORT in the State of Florida, including Duval County.

8. At all times material hereto, BENNIE WILLIAMS is an individual residing in Jacksonville, Florida who was transporting a

> load of goods from Orlando, Florida to Jacksonville on February 14, 2013 when he was involved in an accident.

(Doc. 1, ¶¶ 1-8.)

These allegations are insufficient to demonstrate diversity jurisdiction in this case. For example, although the Complaint alleges that Walton Transport is a Tennessee corporation, Walton Transport is not listed on the website of the Tennessee Secretary of State, implying that Walton Transport may be an unincorporated business entity, which would be consistent with the other allegations in the Complaint. (*See, e.g., id.* at ¶ 7 ("ELOISE WALTON is an individual . . . *doing business as* WALTON TRANSPORT") (emphasis added).) If Walton Transport is indeed an unincorporated business entity, the citizenship of each of its members must be alleged. *See Cherry Group, LLC v. D.B. Zwirn Special Opportunities Fund, L.P.*, 2014 WL 2801076, *1 (M.D. Fla. June 19, 2014) ("[I]n order to sufficiently allege the citizenship of an unincorporated business entity, a party must list the citizenships of all the members of that entity."); *Washington Mut. Bank v. Schoenlaub*, 2007 WL 2572105, *2 (M.D. Fla. Sept. 4, 2007) ("The citizenship of most unincorporated entities depends on the citizenship of each member composing the organization, and, for diversity purposes, an unincorporated entity is a citizen of each state of which a member of the entity is a citizen."). If, on the other hand, Walton Transport is a corporation as alleged, it would be "considered a citizen of the state where it is

incorporated as well as of the state where it has a principal place of business," *Schoenlaub*, 2007 WL 2572105, at *2, neither of which is adequately alleged in the Complaint.

Further, with respect to Plaintiff's citizenship, it is unclear which one of the two active entities listed on the website of the Ohio Secretary of State—Grange Insurance Company of Michigan or Grange Insurance Audubon Center—is the Plaintiff in this case. Also, as with Walton Transport, the Complaint does not allege the state of incorporation and/or the principal place of business of Grange Insurance.

Additionally, with respect to the individual Defendants, the Complaint only alleges the states in which they reside. However, "mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974), cert. denied, 419 U.S. 842 (1974). "For diversity purposes, citizenship means domicile[.]" *Id.*; *Schoenlaub*, 2007 WL 2572105, at *2 (same). "A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom . . . .'" *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (per curiam). The Complaint does not allege the domicile of either Eloise Walton or Bennie Williams at the time of commencement of this action. *Mas*, 489 F.2d at 1399 (stating that "the diverse citizenship among adverse parties must be present at the time the complaint is filed").

6

Based on the foregoing, the Court is unable to determine whether diversity jurisdiction exists in this case.[1]  Further, to the extent the Complaint alleges that this is an action for declaratory relief pursuant to 28 U.S.C. § 2201 and 2202 (Doc. 1, ¶ 1), "the Declaratory Judgment Act does not provide the federal courts with subject matter jurisdiction," *Atl. Marine Fla., LLC v. Evanston Ins. Co.*, 775 F.3d 1268, 1274 (11th Cir. 2014).

Nevertheless, in light of the policy "to permit liberal amendment to facilitate determination of claims on the merits," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981), and the absence of previous amendments of the Complaint, the Court will allow Plaintiff an opportunity to amend its Complaint and serve it on Defendants pursuant to Fed.R.Civ.P. 4.  If Plaintiff chooses to replead, it must ensure that all the material allegations of the amended complaint are well-pled.  Specifically, the amended complaint must adequately establish subject matter jurisdiction over this action and sufficiently state a claim for relief.  To the extent the amended complaint alleges that one or more Defendants are non-residents of this state, Plaintiff must adequately allege personal jurisdiction over

---

[1] With respect to the jurisdictional amount in controversy, the Complaint alleges that this is an action to determine liability coverage for an amount greater than $75,000, exclusive of interest and costs.  (Doc. 1, ¶ 2.)  This allegation seems consistent with the insurance policy limits of $1,000,000 per accident, or $100,000 in the case of uninsured motorists. (Doc. 1-1 at 1.)  In a case, such as this one, where a plaintiff seeks only declaratory relief, "the amount in controversy is measured by the value of the object of the litigation." *Hosseinzadeh v. Green Point Mortg. Funding, Inc.*, 577 F. App'x 925, 927 (11th Cir. Aug. 18, 2014) (internal citations and quotation marks omitted).

such Defendant(s).  In the event that Defendants again fail to appear or defend, Plaintiff will be allowed one, likely final, opportunity to seek a default and a default judgment against Defendants.

Accordingly, it is **ORDERED**:

1.	The Motions (**Docs. 43, 44, 45**) are **DENIED without prejudice** to filing an amended complaint **no later than April 20, 2015**.  If an amended complaint is filed, Plaintiff must properly serve it on Defendants **no later than June 1, 2015**.  If Defendants fail to plead or otherwise defend within the required time, Plaintiff must file a motion for default against Defendants in accordance with Fed.R.Civ.P. 55(a) **no later than July 10, 2015**.  If a default is entered, Plaintiff's renewed motion(s) for default judgment in accordance with Fed.R.Civ.P. 55(b) must be filed **no later than August 7, 2015**.

2.	Failure to comply with this Order may result in a recommendation that the case be dismissed for want of prosecution under Local Rule 3.10(a).

3.	If Plaintiff presents the Clerk of Court with properly completed summonses for service of an amended complaint, the Clerk of Court is directed to sign, seal, and issue said summonses.  See Fed.R.Civ.P. 4(b).

**DONE AND ORDERED** at Jacksonville, Florida, on April 2, 2015.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

Any Unrepresented Party