UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GRANGE INDEMNITY INSURANCE
COMPANY,

       Plaintiff,

v.                                                    CASE NO. 3:13-cv-977-J-34MCR

WALTON TRANSPORT *et al.*,

       Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Motions for Default Judgment ("Motions") (Docs. 83, 84, 85). For the reasons stated herein, the undersigned respectfully recommends that the Motions be **GRANTED**.

**I.    Background**

On August 12, 2013, Plaintiff Grange Insurance[2] filed its Complaint for Declaratory Relief ("Complaint") against Defendants Walton Transport, Eloise

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

[2] In response to the Court's April 2, 2015 Order, Plaintiff filed an Amended Complaint on April 20, 2015, in which Plaintiff's name was changed to Grange Indemnity Insurance Company. (*See* Doc. 51.)

Walton, and Bennie Williams. (Doc. 1.) Plaintiff made several attempts to perfect service of process on Defendants. On November 24, 2014, the Court directed the Clerk to enter a default against Walton Transport for its failure to obtain counsel pursuant to the Court's September 4, 2014 and October 13, 2014 Orders. (Doc. 37.) A default was entered against Walton Transport on November 25, 2014. (Doc. 38.) On December 5, 2014, a default was also entered against Eloise Walton and Bennie Williams, on Plaintiff's motions. (Docs. 41, 42.)

On December 9, 2014, Plaintiff moved for a default judgment against all Defendants. (Docs. 43, 44, 45.) On April 2, 2015, the Court entered an Order denying the motions without prejudice to filing and serving an amended complaint and amended motions, if applicable, because Plaintiff's original Complaint did not adequately allege subject matter jurisdiction. (Doc. 50.)

On April 20, 2015, Plaintiff filed an Amended Complaint for Declaratory Relief ("Amended Complaint"). (Doc. 51.) On May 28, 2015, Plaintiff filed a notice advising the Court that the Amended Complaint had been served on all Defendants either by personal service or by publication. (Doc. 52.) When Defendants failed to appear or respond to the Amended Complaint, Plaintiff moved for a default against them. (*See* Docs. 53, 54, 55.) The Clerk entered a default against Defendants on July 14, 2015. (*See* Docs. 56, 57, 58.)

On August 7, 2015, Plaintiff filed another round of motions for default

judgment against all Defendants and a certificate of service as to these motions. (*See* Docs. 59, 60, 61, 62.)  On October 5, 2015, the Court took the motions for default judgment under advisement and directed Plaintiff to show cause why the case should not be dismissed as to Defendants Walton Transport and Eloise Walton for lack of personal jurisdiction.  (Doc. 64.)  After Plaintiff responded to the Order to Show Cause, on December 17, 2015, the Court entered an Order denying the motions for default judgment without prejudice to filing a second amended complaint by January 8, 2016.[3]  (Docs. 65, 67.)

On January 6, 2016, Plaintiff filed a Second Amended Complaint for Declaratory Relief ("Second Amended Complaint").  (Doc. 69.)  On April 1, 2016, Plaintiff moved for entry of a Clerk's default against all Defendants.[4]  (Doc. 77, 78, 79.)  On April 4, 2016, the Clerk entered a default against all Defendants.  (Docs. 80, 81, 82.)  On April 29, 2016, Plaintiff filed the present Motions for Default Judgment against all Defendants.  (Docs. 83, 84, 85.)  The Court took the Motions under advisement on October 4, 2016, and directed Plaintiff to serve the Motions on Defendants and file a notice of service, as well as any necessary

---

[3] In the meantime, on January 4, 2016, the Court entered an Order staying the case and directing the Clerk to administratively close it pending Plaintiff's filing and serving an amended complaint that complied with the directives of the December 17, 2015 Order. (Doc. 68.) On March 18, 2016, upon review of the Second Amended Complaint, the Court entered an Order directing the Clerk to lift the stay and reopen the case. (Doc. 76.)

[4] The motions for default were served on Eloise Walton and Walton Transport. (*See* Docs. 77-2, 78-3, 79-3.)

documentation showing compliance with § 521 of the Servicemembers Civil Relief Act.  (Doc. 88.)  On October 12, 2016, Plaintiff filed a Notice of Filing Affidavit as to the Status of the Defendants under the Servicemembers Civil Relief Act.  (Doc. 89.)  On October 18, 2016, Plaintiff filed a Notice of Service on Defendants and Suggestion of Compliance with the Court's Order.  (Doc. 90.)

In the Notice of Service, Plaintiff explains that it originally attempted to serve the Motions on Walton Transport and Eloise Walton on April 29, 2016 via certified mail to 6848 Show Boat Lane, Cordova, Tennessee 38081.  (*Id.*)  However, on or about June 2, 2016, the letters were returned to Plaintiff with the following notation: "Notify Sender of New Address . . . 9989 Woodland Fern Dr., Lakeland, Tennessee 38002-9398."  (Docs. 90, 90-1, 90-3.)  On or about June 6, 2016, Plaintiff again attempted service of the Motions on Walton Transport and Eloise Walton via certified mail to 9989 Woodland Fern Dr., Lakeland, Tennessee 38002-9398.  (Doc. 90.)  However, on or about July 4, 2016, the letters were returned to Plaintiff with the following notation: "Return to Sender – Unclaimed – Unable to Forward – Return to Sender."  (Docs. 90, 90-2, 90-4.)  Plaintiff states that despite the earlier unsuccessful attempts to serve the Motions on Walton Transport and Eloise Walton by mail, service has been effected by a process server on October 5, 2016.[5]  (*See* Docs. 90-7, 90-8.)  As to Defendant Bennie

---

[5] Although the Affidavits of Service indicate that the process server has served "a true copy of this Order" (Docs. 90-7, 90-8), rather than both the Order and the Motions
(continued...)

4

Williams, who was served with process by publication, Plaintiff has not been able to serve the Motions on Mr. Williams because his whereabout are still unknown. (Doc. 90.)  To date, Defendants have not responded to the Motions and the time for filing a response has passed.  Therefore, the undersigned will treat the Motions as unopposed.

**II.    Standard**

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment.  First, when a defendant fails to plead or otherwise defend the lawsuit, the clerk of court is authorized to enter a clerk's default against the defendant.  *See* Fed.R.Civ.P. 55(a).  Second, after receiving the clerk's default, the plaintiff must apply to the court for a default judgment, except in limited circumstances when application may be made to the clerk.  *See* Fed.R.Civ.P. 55(b).  A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue."  *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986).

All well-pleaded allegations of fact are deemed admitted upon entry of a default, but before entering a default judgment, the court must ensure that it has

---

[5](...continued)
as directed by the Court (*see* Doc. 88 at 2), even assuming that the Motions were not served at that time, by virtue of the Order, Plaintiffs were put on notice that the Motions were under advisement and had an opportunity to obtain copies of the same by contacting Plaintiff's counsel, the Clerk of Court, or both.

jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs, Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002). A sufficient basis must exist in the pleadings for the judgment entered. *See Nishimatsu*, 515 F.2d at 1206. A defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *See id.*; *see also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that "facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment").

Rule 8 provides that a complaint must include (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for relief. *See* Fed.R.Civ.P. 8(a). A complaint meets the requirements of Rule 8, if in light of the nature of the action, the complaint provides factual allegations, which are assumed to be true, sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'").

Further, "the party invoking the court's jurisdiction bears the burden of

proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (per curiam).

> Subject matter jurisdiction in a federal court may be based upon federal question jurisdiction or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction exists where the plaintiffs and defendants are citizens of different states, and the amount in controversy exceeds $75,000. . . . Absent diversity of citizenship, a plaintiff must present a substantial federal question in order to invoke the district court's jurisdiction.

*Walker v. Sun Trust Bank of Thomasville, GA*, 363 F. App'x 11, 15 (11th Cir. Jan. 19, 2010) (per curiam) (internal quotation marks omitted).

The Court must also ensure that the defaulting defendants were properly served. "It is axiomatic that absent good service, the Court has no in personam or personal jurisdiction over a defendant." *Tacoronte v. Tate & Kirlin Assocs.*, 2013 WL 5970720, *4 (M.D. Fla. Nov. 8, 2013) (adopting Aug. 6, 2013 report and recommendation) (internal citations omitted). "Without personal service of process in accordance with applicable law, a federal court is without jurisdiction to render a personal judgment against a defendant." *Id.* (citing *Royal Lace Paper Works, Inc. v. Pest-Guard Products, Inc.*, 240 F.2d 814, 816 (5th Cir. 1957)).

Here, the Second Amended Complaint was properly served and the Clerk's entry of default against Defendants was proper. The docket reflects that Eloise Walton was served with process on January 28, 2016 by service on her husband John Walton at their residence. (Doc. 74-2.) Although Plaintiff does not cite any

law pursuant to which service was effected, it appears that the service of process on Eloise Walton was proper under Fed.R.Civ.P. 4(e)(2)(B) and/or Fed.R.Civ.P. 4(e)(1), Fla. Stat. § 48.031(1)(a), and/or § 48.031(2)(a). The docket also reflects that Walton Transport was served with process on January 28, 2016 by service on John Walton, who was identified as its President.[6] (Doc. 74-1.) It appears that service of process on Walton Transport was properly effected under Fed.R.Civ.P. 4(h)(1) and/or Fla. Stat. § 48.031.

The docket further reflects that Bennie Williams was served with process by publication when a Notice of Publication was published in the Financial News and Daily Record on February 3rd, 10th, 17th, and 24th of 2016. (*See* Docs. 72, 75.) Despite numerous attempts to locate and serve Mr. Williams personally, he could not be located and his current whereabouts are unknown. (*See* Doc. 20-1; Doc. 71-2; Doc. 85 at 8-10 & 6 n.1.) Therefore, service of process by publication as to Defendant Williams was proper under Fla. Stat. §§ 49.011(5) and 49.041.

Further, when a plaintiff seeks the entry of a default judgment against an individual defendant, the plaintiff must also comply with § 521 of the Servicemembers Civil Relief Act ("SCRA"), which requires, *inter alia*, the filing of an affidavit by the plaintiff:

---

[6] It is unclear why John Walton was identified as the President of Walton Transport in the service documents when the Second Amended Complaint alleges that he was one of the two individual members of this unincorporated business entity. (*See* Doc. 69, ¶¶ 7-8.)

>       (A) stating whether or not the defendant is in military service and
>       showing necessary facts to support the affidavit; or
>       (B) if the plaintiff is unable to determine whether or not the defendant
>       is in military service, stating that the plaintiff is unable to determine
>       whether or not the defendant is in military service.

50 U.S.C. App'x § 521(b)(1).

Here, Plaintiff submitted an Affidavit indicating that Plaintiff's counsel obtained the legal names and dates of birth of the two individual Defendants, Bennie Williams and Eloise Walton, entered the information into the Department of Defense Manpower Data Center website, and received status reports that as of October 12, 2016 (and within 367 days thereof), the two Defendants were not on active duty as to all branches of the Uniformed Services.  (Docs. 89-1, 89-2, 89-3.)  The Affidavit and accompanying documentation satisfy the requirements of § 521 of the SCRA.

### III.   Discussion

#### A.   Jurisdiction

The Second Amended Complaint alleges diversity jurisdiction pursuant to 28 U.S.C. § 1332, which provides in relevant part:

>       (a) The district courts shall have original jurisdiction of all civil actions
>       where the matter in controversy exceeds the sum or value of
>       $75,000, exclusive of interest and costs, and is between—
>       (1) citizens of different States[.]

28 U.S.C. § 1332.  "This statute and its predecessors have consistently been held to require complete diversity of citizenship.  That is, diversity jurisdiction does not

exist unless *each* defendant is a citizen of a different State from *each* plaintiff."
*Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

Upon review of the Second Amended Complaint, the undersigned believes that Plaintiff has adequately alleged diversity jurisdiction. Specifically, the Second Amended Complaint alleges that each Defendant is a citizen of a different state than Plaintiff (Plaintiff is a citizen of the State of Ohio, while Defendants Walton Transport[7] and Eloise Walton are citizens of the State of Tennessee, and Defendant Bennie Williams is a citizen of the State of Florida), and that the amount in controversy is greater than $75,000, exclusive of interest and costs.[8] (Doc. 69, ¶¶ 2, 6-11, 14-16, 20-22.) Based on these allegations, which are deemed admitted, Plaintiff has adequately established diversity jurisdiction.[9]

---

[7] The Second Amended Complaint alleges that Walton Transport is an unincorporated business entity whose two members, John Walton and Eloise Walton, a husband and wife, are both citizens of the State of Tennessee. (Doc. 69 at ¶¶ 7-11, 14-16.) Therefore, Walton Transport is a citizen of the State of Tennessee. *See Washington Mut. Bank v. Schoenlaub*, 2007 WL 2572105, *2 (M.D. Fla. Sept. 4, 2007) ("The citizenship of most unincorporated entities depends on the citizenship of each member composing the organization, and, for diversity purposes, an unincorporated entity is a citizen of each state of which a member of the entity is a citizen.").

[8] In a case, such as this one, where a plaintiff seeks only declaratory relief, "the amount in controversy is measured by the value of the object of the litigation." *Hosseinzadeh v. Green Point Mortg. Funding, Inc.*, 577 F. App'x 925, 927 (11th Cir. Aug. 18, 2014) (internal citations and quotation marks omitted). Here, the object of the litigation is an insurance policy with limits of $1,000,000 per accident, or $100,000 in the case of uninsured motorists.

[9] Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §
(continued...)

In addition, Plaintiff has adequately established personal jurisdiction over the two non-resident Defendants, Walton Transport and Eloise Walton. Specifically, the Second Amended Complaint alleges in relevant part:

> 3. This Court has jurisdiction over the parties in this matter because they consist of a company that was doing business within this state in the ordinary course of commerce, trade, or use and engaged in solicitation or service activities within this state, an individual who was doing business within this state in the ordinary course of commerce, trade, or use and engaged in solicitation or service activities within this state, and a resident of this state.
> . . .
> 12. At all times material hereto, WALTON TRANSPORT engaged in the business of trucking and transportation within the State of Florida on a regular basis, such that it employed agents within the State, such as Defendant BENNIE WILLIAMS, to execute contracts for the transportation and delivery of good both interstate and intrastate.
> 13. This Court has jurisdiction over WALTON TRANSPORT by action of § 48.193(1)(a)(1), Fla. Stat., as it was a company that was operating, conducting, engaging in, or carrying on a business or business venture in this state. This business was substantial and not isolated. See § 48.193(2), Fla. Stat.
> . . .
> 17. At all times material hereto, ELOISE WALTON engaged in the business of trucking and transportation within the State of Florida on a regular basis, such that she employed agents within the State, such as Defendant BENNIE WILLIAMS, to execute contracts for the transportation and delivery of goods both interstate and intrastate.
> 18. This Court has jurisdiction over ELOISE WALTON by action of § 48.193(1)(a)(1), Fla. Stat., as she was a person that was operating, conducting, engaging in, or carrying on a business or business venture in this state through WALTON TRANSPORT. This business was substantial and not isolated. See § 48.193(2), Fla. Stat.

---

[9](...continued)
1391(b)(2), because the events giving rise to the claims in this case occurred in this judicial district. (Doc. 69, ¶ 4.)

(Doc. 69 at 2-5.)

Based on these allegations, Plaintiff has adequately alleged personal jurisdiction over the two non-resident Defendants under Florida's long-arm statute. *See* Fla. Stat. § 48.193(1)(a)(1) & § 48.193(2). Based on its allegations of substantial and not isolated activity, Plaintiff has also adequately alleged that the non-resident Defendants had continuous and systematic contact with the State of Florida to satisfy the requirements for general jurisdiction under the Fourteenth Amendment Due Process Clause. *See Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1363 n.7 (11th Cir. 2006) ("The 'substantial and not isolated activity' requirement of the long-arm statute has been recognized by Florida courts as the functional equivalent of the continuous and systematic contact requirement for general jurisdiction under the Fourteenth Amendment Due Process Clause . . . ."). Further, the exercise of personal jurisdiction over Walton Transport and Eloise Walton comports with "fair play and substantial justice." *See Stubbs*, 447 F.3d at 1364 (citing *Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 114 (1987)) ("When minimum contacts have been established, often the interests of the plaintiff and the forum . . . will justify even the serious burdens placed on the alien defendant.").

In sum, the undersigned concludes that the Second Amended Complaint adequately alleges personal jurisdiction over the two non-resident Defendants. *See Stevenson v. Brosdal*, 813 So.2d 1046, 1047 (Fla. Dist. Ct. App. 2002) ("The

initial pleading may merely track the statute (section 48.193, Florida Statutes) without pleading supporting facts. . . . If the defendant challenges jurisdiction by filing a motion to dismiss, either for lack of compliance with the statute or based upon insufficient minimum contacts, the defendant must file affidavits in support of that position, which places the burden upon the plaintiff to show by affidavit the basis for jurisdiction.").

### B.   Liability

Further, the Second Amended Complaint adequately states a claim for relief against Defendants.  This action arises from a commercial auto insurance policy, Policy No.: XA 2680560-00, effective May 17, 2012 through May 17, 2013, issued by Plaintiff to Walton Transport and Eloise Walton.  (Doc. 69, ¶¶ 5, 27-28, 48-49, 69-70; Doc. 69-5 at 1, 94.)

As alleged in the Second Amended Complaint, on February 14, 2013, Bennie Williams, an employee/agent of Walton Transport and/or Eloise Walton, was involved in a multi-vehicle accident in Duval County, Florida, while driving a vehicle (2006 International 94001 VIN 2HSCNAPR26C224131) owned by Saginaw Logistics, Inc. and "loaned" to Walton Transport and Eloise Walton pursuant to an operating agreement entered into on December 4, 2012 between Walton Transport and Saginaw Logistics, Inc.[10]  (Doc. 69, ¶¶ 26-27, 29, 33, 47-

---

[10] The operating agreement provides in relevant part: "Walton Transport will only be responsible for load and any info regarding the load (appointments, directions, etc.).
(continued...)

48, 50, 54, 68, 71, 75; Doc. 69-5 at 94.) As alleged in the Second Amended Complaint and shown by the attachments thereto, the commercial auto insurance policy did not list Bennie Williams or the subject vehicle as covered under the policy. (Doc. 69, ¶¶ 30, 51, 72; Doc. 69-5 at 2-3.) The amendments to the policy also did not list Bennie Williams or the vehicle he was driving at the time of the accident as covered under the policy. (Doc. 69, ¶¶ 36-39, 57-60, 78-81; Doc. 69-5 at 27, 30-31, 36, 39-40, 49, 77-78, 84, 87-88.) Neither Bennie Williams nor the subject vehicle was added to the insurance policy. (Doc. 69, ¶¶ 40-41, 61-62, 82-83; Doc. 69-5 at 27, 30-31, 36, 39-40, 49, 77-78, 84, 87-88.) Thus, at the time of the February 14, 2013 accident, Bennie Williams was operating a non-covered vehicle and the liability coverage under the policy was not applicable to the vehicle or the driver operating it at the time of the accident. (Doc. 69, ¶¶ 42-43, 63-64, 84-85.) Although Walton Transport, Eloise Walton, and Bennie Williams have allegedly made a demand on Plaintiff to pay the claims arising out of the February 14, 2013 accident, based on the policy language, Plaintiff denies it has any obligation to provide indemnity, defense, or coverage for such claims. (Doc. 69, ¶¶ 44-45, 65-66, 86-87.)

      Based on Plaintiff's well-pleaded factual allegations, which are deemed

---

[10](...continued)
Walton Transport will not be responsible for maintenance, gas, tolls, *insurance* or any other matter concerning the truck or driver." (Doc. 69, ¶¶ 34, 55, 76; Doc. 69-6 (emphasis added).)

admitted, and the policy documents, which are attached to the Second Amended Complaint and further corroborate Plaintiff's allegations, Plaintiff has stated a claim for relief against Defendants. Therefore, it is appropriate to enter a default judgment against Defendants declaring that Plaintiff has no duty to indemnify, defend, or otherwise provide coverage under the policy to Walton Transport, Eloise Walton, and Bennie Williams for the claims arising under the February 14, 2013 accident.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motions (**Docs. 83, 84, 85**) be **GRANTED**.

2. The Clerk of Court be **DIRECTED** to enter a default judgment in favor of Plaintiff and against Defendants declaring that Grange Indemnity Insurance Company has no duty to indemnify, defend, or otherwise provide coverage under the subject policy to Walton Transport, Eloise Walton, and Bennie Williams for the claims arising under the February 14, 2013 accident.

3. The Clerk of Court be further **DIRECTED** to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on October 24, 2016.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

Eloise Walton
9989 Woodland Fern Dr.
Lakeland, Tennessee 38002-9398

Walton Transport
c/o Eloise Walton
9989 Woodland Fern Dr.
Lakeland, Tennessee 38002-9398